

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00339-CV
_____

### IN THE INTEREST OF J.D. AND J.D., CHILDREN

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 68,638-C, Honorable Jack M. Graham, Associate Judge Presiding

January 5, 2021

## ORDER OF ABATEMENT AND REMAND

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, O.D., proceeding pro se, appeals from the trial court's order terminating his parental rights to his children, J.D. and J.D, in a suit brought by the Department of Family and Protective Services.[1]  Because appellant has filed a statement of inability to afford costs with this Court but is unrepresented in this appeal, we abate the appeal and remand the cause to the trial court to determine whether appellant is indigent and entitled to appointed appellate counsel.  *See* TEX. FAM. CODE ANN. § 107.013 (West 2019); *In re*

---

[1] To protect the privacy of the parties involved, we refer to them by their initials.  *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2020); TEX. R. APP. P. 9.8(b).  The mother's parental rights were also terminated in this proceeding.  However, she is not a party to this appeal.

*M.S.*, 115 S.W.3d 534, 544 (Tex. 2003) (explaining that "[i]n Texas, there is a statutory right to counsel for indigent persons in parental-rights termination cases.").

Upon remand, the trial court shall utilize whatever means it finds necessary to determine the following:

(1)     whether appellant is indigent and entitled to appointed appellate counsel;

(2)     whether appellant is entitled to have the appellate record furnished without charge.[2]

If the trial court determines that appellate counsel should be appointed, the name, address, email address, telephone number, and state bar number of newly appointed counsel shall be provided in an order of the court.  The trial court shall execute findings of fact, conclusions of law, and any necessary orders addressing the foregoing subjects. The trial court shall also cause to be developed (1) a supplemental clerk's record containing the findings of fact, conclusions of law, and any necessary orders, and (2) a reporter's record transcribing the evidence and argument presented at any hearing held. Due to the time-sensitive nature of an appeal from a parental-rights termination order, the trial court shall cause the hearing record to be filed with the Clerk of this Court on or before January 15, 2021.  *See* TEX. R. JUD. ADMIN. 6.2(a).

It is so ordered.

Per Curiam

---

[2] Prior to any hearing to determine appellant's indigence, the trial court shall require appellant to file an affidavit of indigence in accordance with Rule of Civil Procedure 145(b).  *See* TEX. FAM. CODE ANN. § 107.013(d); *see also In re B.C.*, 592 S.W.3d 133, 137 (Tex. 2019) (per curiam) ("Parents face a complex and nuanced family-law system that is challenging to navigate without the guidance of counsel. Considering the importance of the fundamental rights at issue, the Legislature has adopted important safeguards . . . to help ensure parents will not be deprived of their parental rights without due process of law. . . . the statutory framework mandates that courts repeatedly inform unrepresented parents about their statutory rights so they will have an adequate opportunity to understand and invoke those rights.").